Thomas B. Quinn, Esq. #52630
Gordon & Rees, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Phone: 303-534-5160
Fax: 303-534-5161
Email: tquinn@gordonrees.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

OKAL 'SANDY' MEZGER as personal representative of Clara Belle Spracklen's Estate

Plaintiff,

v.

SSC CASPER OPERATING COMPANY, LLC, d/b/a POPLAR LIVING CENTER,

Defendant.

Civil Action No.: 11-CV-185-SWS

**MOTION TO EXCLUDE TESTIMONY OF LANCE YOULES WHICH IS BEYOND HIS SCOPE OF EXPERTISE**

Defendant SSC Casper Operating Company, LLC, d/b/a Poplar Living Center, ("Poplar"), by and through its undersigned counsel, hereby submits this Motion in Limine to limit the testimony of Plaintiff's Expert, Lance Youles. Poplar states the following in support of this motion:

**I. CONFERRAL**

Pursuant to U.S.D.C.L.R. 7.1(b)(1)(A), Defendant's counsel contacted Plaintiff's counsel regarding this motion. It is anticipated that Plaintiff's counsel will oppose the relief requested herein.

## II. SPECIFIC RELIEF REQUESTED

Poplar requests an Order from the Court limiting the testimony at trial of Plaintiff's specially expert Lance Youles ("Youles"). Youles' credentials purportedly qualify him to opine and testify on topics related to nursing home administration. Youles' credentials, however, do not qualify him to opine or testify as to the standards of care for nurse, therapists or physicians, nor is Mr. Youles qualified to testify on medical causation issues important for this case—malnutrition and cause of death. As such, any testimony or opinions offered at trial regarding the standard of care beyond his area of expertise or medical causation by Youles must be excluded.

## III. BACKGROUND

Lance Youles is an Expert witness specially retained by the Plaintiff. Mr. Youles was at one time an active nursing home administrator. Mr. Youles has never been a licensed healthcare provider. Mr. Youles has no training, experience on education as a nurse, therapist, or physician. In spite of that lack of training and experience, it is anticipated that Mr. Youles will attempt to express opinions on nursing and therapist standards of care and medical causation. Poplar objects to Mr. Youles expressing an opinion on topics on which he is not qualified.

## IV. LEGAL ARGUMENT

"Rule 702 allows expert testimony only where the witness is qualified as an expert by knowledge, skill, experience, training or education to offer such opinions." *LifeWise Mater Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004); *Poche v. Joubran*, 389 Fed. Appx. 768, 771 (10th Cir. 2010) (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). Where a witness is unqualified to opine on matters outside its area of expertise,

exclusion of such testimony is proper. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001); *Warren v. Tastove*, 240 Fed. Appx. 771, 772-774 (10th Cir. 2007) (holding that where an expert seeks to offer opinion about matters outside the experts purported qualifications, exclusion of such testimony is proper); *Smith v. Ingersoll-Rand, Co.*, 214 F.3d 1235, 1244 (10th Cir. 2000) (finding testimony limited to matters within expert's field of expertise proper). Indeed, "[i]t is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Goebel v. Denver & Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000).

In this case, Youles holds himself out as an expert in the field of nursing home administration. As such, his expertise qualifies him to opine on nursing home administration. His purported expertise does not, however, qualify him to opine on the standard of care of actual medical providers, such as doctors, nurses, or other actual health care providers, nor does it permit him to speculate about matters regarding potential causes of illness or death, nor does it permit him to testify on nursing protocol and procedures for treatment of illnesses.

## V. <u>AREAS OF ANTICIPATED TESTIMONY IN WHICH MR. YOULES IS NOT QUALIFIED TO TESTIFY</u>

1. Infection.

Cause or presence of infection at any time before or during Mrs. Spracklen's admission.

2. Malnutrition.

a). Cause, treatment or nursing/therapist response to Mrs. Spracklen's malnutrition before or during her Poplar residency.

b). Whether Mrs. Spracklen's longstanding malnutrition was "avoidable" or aggravated by the Poplar nursing staff or therapists.

3. Staffing Analysis.

a). Mr. Youles cannot express opinions regarding nursing quality or quantity based on health care outcomes, i. e., the nursing cause of weight loss was due to understaffing; the reasons for food/liquid intake was a consequence of staffing levels; nursing communication with physicians regarding resident care issues was impacted by staffing; and nursing execution on physician/therapist notification orders.

b). The timing and cause of Mrs. Spracklen's death and how it relates to weekend staffing at nursing homes in general.

4. Care Requirements.

Mr. Youles cannot express opinions on what interim medical care was "needed" by Mrs. Spracklen at any time that she resided at Poplar. Simply, if a physician did not order such care because it was not needed, an administrator is not qualified to second guess the doctor or the nurses and testify what level care should have been offered.

5. Rebuttal to Poplar Cause of Death Position.

Mr. Youles is not qualified to rebut Poplar's medical cause of death theory put forth by licensed physicians.

6. Nutritional and Nursing Care Planning and Charting.

Mr. Youles does not have the qualification to testify on the adequacy or inadequacy of nutritional and/or nursing care planning or the scope and quality of nursing charting or nutritional planning.

7. Speculation.

Mr. Youles attempts to link many of his "thoughts" to opinions. Some of his opinions are speculative and should not be permitted as evidence at trial. For example, Mr. Youles stated in his report:

"The term "cover-up" comes to mind . . ."

"The motives for creating the Restorative Feeding Program at PLC is quite apparent . . ."

## VI. CONCLUSION

Based on the forgoing arguments and authorities, Poplar respectfully requests an Order from the Court limiting Lance Youles' testimony to that for which his qualifications support and excluding any testimony that he is not qualified to offer.

Respectfully submitted this 7th day of May, 2012.

GORDON & REES LLP

*/s/ Thomas B. Quinn*

Thomas B. Quinn
John D. Keen
Gordon & Rees LLP
555 Seventeenth St., Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161
E-mail: tquinn@gordonrees.com
jkeen@gordonrees.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 7th day of May, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Phillip Chupik, Esq.
Metier Law Firm, LLC
4828 South College Avenue
Fort Collins, CO 80525

/s/ Thomas B. Quinn
For Gordon & Rees, LLP